IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 01-10682

————————————

NEELY L. BLACKMAN, SR.,

Plaintiff-Appellant,

versus

CITY OF DALLAS,

Defendant-Appellee.

Appeal from the United States District Court for
the Northern District of Texas
(USDC No. 3:00-CV-75-P)
_____
February 28, 2002

Before KING, Chief Judge, REAVLEY and WIENER, Circuit Judges.

PER CURIAM:[*]

Neely Blackman appeals the summary judgment entered against him in his

employment discrimination suit against his employer, the City of Dallas.  We have

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reviewed the record and briefs, and agree with the district court that summary judgment was warranted.

Blackman complains that the district court erred in denying his motion to suppress his deposition. The grounds for suppressing the deposition alleged below were that Blackman was not given an opportunity to read and sign the deposition, and that it was not certified by the court reporter pursuant to Fed. R. Civ. P. 30(f)(1). Under Fed R. Civ. P. 30(e), review and signing of the deposition by the deponent is required only upon the request of the deponent. The parties dispute whether Blackman made such a request, though we note that Blackman fails to provide a record cite where he made such a request.

Regardless, the district court did not err in denying Blackman's motion to suppress. It was not filed until several months after the City submitted the deposition in support of its summary judgment motion, and after the district court had granted summary judgment. Moreover, Blackman submitted his deposition as evidence in opposition to the City's motion for summary judgment. Blackman cannot rely on his deposition and then argue, after he loses the summary judgment motion, that this evidence should have been suppressed. Fed. R. Civ. P. 32(d)(4) provides that irregularities in the manner in which a deposition is prepared are waived unless a motion to suppress is made with reasonable promptness. In these circumstances the motion to suppress was untimely and therefore properly denied by the district court.

Insofar as Blackman complains that his counsel was ineffective in his handling of the deposition and other matters, we do not recognize a right to effective counsel in a civil proceeding unrelated to a criminal matter. See United States v. White, 589 F.2d 1283, 1285 n.4 (5th Cir. 1979). We also see no merit to Blackman's claim that the submission of his deposition to the district court by opposing counsel amounted to a "fraud on the court." Blackman fails to show any bad faith on the part of opposing counsel, and fails to persuade us that the critical testimony from his deposition, upon which the district court relied in granting summary judgment, was transcribed incorrectly or was otherwise factually incorrect.

On the merits of the summary judgment ruling, we have reviewed the record evidence and agree with the district court that Blackman's failure to promote claim, and his retaliation claim based on the 1997 investigation by the Dallas police department, were time-barred for the reasons explained by the district court. By his own complaint and deposition testimony Blackman was on notice of his discrimination in promotion claim by mid-1997.

Blackman argues that the district court did not properly distinguish between interim and permanent promotions of other employees. Specifically, he argues in his reply brief that assistant director Lopez assured Blackman in late 1997 that coworkers Holland and Middleton, who had received interim promotions, were not going to be allowed to apply for the permanent positions, and that "Blackman, in fairness and logic,

3

did not feel he needed to protect any Title VII rights because Holland and Middleton were not going to compete for the promotions . . . ."

Setting aside questions whether Blackman preserved error by making this argument to the district court and in his opening brief on appeal, we nevertheless reject it. If Blackman is arguing that he separately had a claim for discrimination by the city in failing to promote him to the permanent positions awarded to Middleton and Holland, Blackman failed to include this claim in the joint pretrial order submitted by the parties before the court ruled on the summary judgment motion. The joint pretrial order states that with respect to the Middleton and Holland promotions, Blackman is only complaining about the interim promotions. The order sets out Blackman's claims that "white employees were appointed to serve in interim management positions. . . . Specifically, Blackman alleges that . . . Gary Middleton . . . and Larry Holland were put in interim position because of their race." The order does not set out as an additional claim that Blackman was discriminated against when these two employees or any other employees were given permanent promotions.

A joint pretrial order is designed to narrow the issues for the remainder of the proceeding. "Once the pretrial order is entered, it controls the course and scope of the proceedings under Federal Rule of Civil Procedure 16(e), and if a claim or issue is omitted from the order, it is waived, even if it appeared in the complaint." Elvis Presley Enters., Inc. v. Capece, 141 F.3d 188, 206 (5th Cir. 1998). An earlier scheduling order in

4

the pending case further confirms that the parties' pretrial order "will control all subsequent proceedings in the case."

So if Blackman's argument is that he has a separate claim for discrimination in the filling of the permanent positions, he waived that claim by failing to include it in the pretrial order. If he is arguing that his only claim is discrimination in filling of the interim positions, but that the failure to promote was a continuing violation, which extended the time to file a claim until the permanent positions were denied, we again reject this argument. We have recognized a "continuing violation" doctrine which can sometimes serve to extend the period for filing a claim. See Huckabay v. Moore, 142 F.3d 233, 238-39 (5th Cir. 1998). "Although there is no definitive standard for what constitutes a continuing violation, the plaintiff must demonstrate more than a series of discriminatory acts." Id. at 239. In Huckabay we went on to hold that a demotion and failure to promote "were discrete adverse actions" and were "not continuing violations." Id. at 240.

Finally, regarding Blackman's retaliation claim based on the alleged failure to include him in a list of employees eligible for promotion, we agree with the district court that Blackman failed to present sufficient evidence of an adverse employment action to defeat the summary judgment motion. Under modern summary judgment practice "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

AFFIRMED.